(83 South. 281)

TUMLIN et al. v. TUMLIN et al. (7 Div. 22.)

(Supreme Court of Alabama.   Nov. 13, 1919.)

PARTITION ⬤⇒86 — ACCOUNTING FOR RENTS LIMITED TO ONE YEAR PRIOR TO BILL.

In suit for partition or sale for division of land held under bona fide color of title, an accounting for rents received must be limited to the period of one year prior to filing of the bill, as section 3850, appearing in chapter on ejectment in Code 1907, has for long period of time been construed applicable.

Appeal from Circuit Court, Cherokee County;  W. W. Haralson, Judge.

Bill by Jerry F. Tumlin and others against Julia C. Tumlin and others for partition of land or sale for division. From decree for complainants, respondents appeal. Affirmed in part; reversed and remanded in part.

For the facts in this case, see the opinion rendered in the case of Tumlin v. Tumlin, 195 Ala. 457, 70 South. 254.

The assignments of error referred to in the opinion are as follows:

(4) The court erred in directing the register to state an account between complainant and respondent for the proceeds of rent received by respondents since the death of Thomas Tumlin.

(5) The court below erred in not limiting the statement of rents received by defendants to a period of one year before the filing of the original bill.

Goodhue & Brindley, of Gadsden, for appellants. The Supreme Court may, and it is its duty to, correct any errors made in its former opinions. Section 5965, Code 1907; L. & N. v. W. U. Tel. Co., 195 Ala. 124, 71 South. 118, Ann. Cas..1917B, 696. The court erred in requiring the register to state an account as for rents in the manner indicated in the asignments of error 4 and 5. Section 3850, Code 1907.

Willett & Walker, of Anniston, for appellees. No good reason is given why the opinion formerly rendered in this case should be departed from; but see Browne on Statute of Frauds, p. 529; 9 Wall. 254, 19 L. Ed. 554.

ANDERSON, C. J. The first and principal point argued in brief of appellants' counsel was considered upon the former appeal in this case and was there decided against their contention. 195 Ala. 457, 70 South. 254. The question was then carefully considered both upon the original submission and rehearing, and we are not disposed to recede from the previous holding. It is true, the answer was amended after reversal of the cause upon the former appeal so as to incorporate therein a plea setting up the

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statute of frauds; but this question, though not specially pleaded, was argued at length and was considered and treated by the court. Indeed, counsel' for appellants concede in their reply brief that the question was decided upon former appeal, but seek to have us overturn the former opinion, and which we are not willing to do.

We hold, however, that there is merit in assignments of error 4 and 5, and that the trial court erred in not directing the register to confine the rents to the period commencing one year prior to filing the bill of complaint, as the appellees' possession was under bona fide color of title. Section 3850 of the Code of 1907. True, this section appears in a chapter of the Code on ejectment, but it was applied more than 40 years ago to actions like the present one. Sanders v. Robinson, 57 Ala. 465. In fact, counsel for appellees do not seriously contend for rent beyond the year previous to filing the bill, and suggest that we ascertain the proper amount and render a decree. The register, however, has not held the reference, and we will therefore remand the case for him to ascertain the amount commencing at the proper period; i. e., one year prior to filing the bill of complaint.

The decree is affirmed in part, and reversed and remanded in part, and the cost of this appeal will be taxed against the present appellees.

Affirmed in part, and reversed and remanded in part.

SAYRE, GARDNER, and BROWN, JJ., concur.